IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL T. GREGORY                                                              PLAINTIFF

     v.                                        CIVIL NO. 10-2070

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

**ORDER**

     Plaintiff, Daniel T. Gregory, appealed the Commissioner's denial of benefits to this court. ECF No.1. On May 2, 2011, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 10. On July 24, 2011, Plaintiff moved for an award of $4488.00 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 26.40 attorney hours at an hourly rate of $ 170.00. ECF No. 11. Defendant did not object to either the hourly rate or the number of hours requested. ECF No. 13.

     Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

     An award of attorney's fees under the EAJA is appropriate even though at the conclusion

of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits

resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an

hour," such as a copy of the Consumer Price Index ("CPI").

In this case, counsel has referred to the Consumer Price Index and prior decisions of this court as evidence of an increase in the cost of living[1]. Accordingly, we find that Plaintiff's counsel is entitled to an hourly rate above the statutory minimum in the amount of $170.00 per hour.

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Counsel requests .50 hours for reviewing the file regarding deadline for complaint and staff's attempts to reach client, and a second letter regarding appeal rights and deadlines; 1.25 hours for drafting the complaint, approving complaint transmittal letter, civil cover sheet, summonses and instructing staff to hand deliver; .50 hours for reviewing, approving and signing service of process; .25 hours for reviewing Defendant's answer and scheduling order; .25 hours for looking for the transcript and asking staff about it; 1.25 hours for reviewing Defendant's brief and drafting a memo to file; .25 hours for another review and memo to the file; 1.25 hours for reviewing the memorandum opinion and drafting another memo to the file; and 2.75 hours for correspondence and drafting of the EAJA motion. The court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform these tasks. *Bowman v. Secretary of H.H. S.*, 744 F.Supp. 898 (E.D. Ark. 1989). Therefore we will deduct 4.55 hours from counsel's total number of compensable hours.

Counsel requests compensation for .25 hours for reviewing mail, getting a paper copy of

---

[1] In accordance with General Order No. 39, we have calculated the cost of living based on the Consumer Price Index for the South. We believe that routine application of this standard will result in consistent hourly fee awards in the Western District of Arkansas. See Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990).

the complaint packet back from court, confirming case date, checklist and deadline regarding service of process; .10 hours for reviewing the file and confirming green card return; .10 hours for reviewing the file and emailing defendant regarding transcript; and .10 hours for reviewing the file and receiving an email that the transcript had been found.  This time cannot be compensated under the EAJA, as it required no legal expertise and could have been performed by any general member of counsel's staff.  *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Therefore we will deduct .55 hours from counsel's total number of compensable hours.

Counsel requests compensation for a total of 12.25 hours for reviewing the transcript, researching the law, and drafting the appeal brief in this case. ECF No. 11-1.  We find this time to be reasonable.

Based on the above, we award Plaintiff's attorney fees under the EAJA for 21.30 (26.40 - 5.10) attorney hours at the rate of $170.00 per hour, for a total attorney's fee award of $3621.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S. C. § 406, in order to prevent double recovery by counsel for the plaintiff.

 The Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney.  *Astrue v. Ratliff,* 130 S.Ct. 2521, 2522-2523, 177 L.Ed.2d 91 (2010).  Therefore, any EAJA award by this Court should be made payable to plaintiff and

not plaintiff's counsel.

    IT IS SO ORDERED this 31st day of August, 2011.

            /S/ J. Marschewski

            HON. JAMES R. MARSCHEWSKI
            CHIEF U.S. MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**